**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JEFFREY HARDY,<br>Plaintiff,<br>v.<br><br>DISCOVER FINANCIAL SERVICES, LLC and TRANSUNION, LLC.,<br><br>Defendants. | Civil Action:<br><br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

# COMPLAINT

NOW COMES Plaintiff, JEFFREY HARDY ("Plaintiff"), by and through his attorneys, hereby alleging the following against Defendants DISCOVER FINANCIAL SERVICES LLC ("DISCOVER") and TRANSUNION LLC ("TRANSUNION") (collectively referred to as "Defendant"):

## Nature of the Action

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## Parties

2. Plaintiff is a natural person at all times relevant residing in Medina County in Medina, Ohio.

3. At all times relevant, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681(a)(c).

4. Defendant DISCOVER, along with its subsidiaries including, but not limited to, Discover Card, is a financial services company located in Wilmington, Delaware and conducting business in the State of Ohio.

5. Defendant DISCOVER was a “person” at all times relevant as that term is defined by 15 U.S.C. § 1681a(b) and a “furnisher” of credit information as that term is described in 15 U.S.C. § 1681s-2 *et seq*.

6. Defendant TRANSUNION is business entity with its headquarters located in Chicago, Illinois and conducting business in the State of Ohio.

7. Defendant TRANSUNION is a “person” as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

8. Defendant TRANSUNION is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

9. Defendant TRANSUNION furnishes such consumer reports to third parties under contract for monetary compensation.

10. Defendant TRANSUNION, along with Experian and Equifax, who are not parties to this matter, is a “consumer reporting agency” (“CRA”) as that term is described in 15 U.S.C. § 1681a(f).

11. At all times relevant to this Complaint, Defendants acted through its agents employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

**Jurisdiction and Venue**

12. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

13. Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part

of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

**Factual Allegations**

14. Plaintiff is a consumer who is the victim of inaccurate reporting by TRANSUNION and DISCOVER, and has suffered particularized and concrete harm.

15. CRAs, including TRANSUNION, have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

16. On or about October 27, 2016, Plaintiff and DISCOVER settled a credit card account ("Account") for $10,032.00.

17. Pursuant to the settlement agreement, upon receipt of $10,032.00 in payments, DISCOVER would consider the Account settled for less than the full balance.

18. Around late April or early May of 2020, Plaintiff satisfied the settlement terms by making a final payment, in total $10,032.00 pursuant to the agreement.

19. Despite Plaintiff's performance under the terms of the agreement, Defendant DISCOVER reported incorrect information regarding the Account to the CRAs, including TRANSUNION.

20. Specifically, TRANSUNION reported the Account was "Charged Off" and with a high balance of $14,330 from 06/2020 to 06/2020.

21. Plaintiff issued a dispute to TRANSUNION regarding the incorrect information being reported on the Account.

22. Specifically, Plaintiff disputed the incorrect payment history as well as the incorrect balance that was reported.

23. Pursuant to its responsibility in 15 U.S.C. § 1681i, TRANSUNION notified DISCOVER of Plaintiff's dispute regarding the accuracy of the information they provided concerning the Account.

24. Upon being notified by TRANSUNION, DISCOVER was required to conduct an investigation with respect to the disputed information, review all relevant information provided by TRANSUNION, report the results of the investigation to TRANSUNION, and if the investigation found information was incomplete and inaccurate, report such results to all CRAs. 15 U.S.C. § 1681s-(2)(b)(1).

25. As of June 10, 2020, TRANSUNION continued to report the Account incorrectly, reporting a pay status of "Charged Off" as well as a "high balance" of $14,330 in June 2020.

26. The aforementioned information reported by TRANSUNION regarding the Account with DISCOVER is inaccurate, or otherwise misleading, and is adverse to the agreement between Plaintiff and DISCOVER that the Account would be "settled for less than the full balance."

27. If DISCOVER would have complied with its statutory duties, the incorrect information regarding the Account would not have been reported.

28. Further, after receiving Plaintiff's dispute concerning the inaccurate information of the Account, TRANSUNION was required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

29. If TRANSUNION would have complied with its statutory duties, incorrect information concerning the Account would not have been reported despite notice from Plaintiff.

30. As a result of this conduct and action and inaction of Defendants, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, and mental and emotional distress.

**COUNT I – TRANSUNION**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)**

31. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-30.

32. After receiving Plaintiff's dispute, TRANSUNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

33. TRANSUNION violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that TRANSUNION published and maintained concerning Plaintiff.

34. As a result of this conduct, action and inaction of TRANSUNION, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

35. TRANSUNION's conduct, action, and inaction were willful, rendering Defendant TRANSUNION liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

36. In the alternative, TRANSUNION was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

37. Plaintiff is entitled to recover costs and attorneys' fees from TRANSUNION, pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT II – TRANSUNION**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i**

38. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-30.

39. After receiving Plaintiff's dispute, TRANSUNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

40. Defendant TRANSUNION violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

41. As a result of this conduct, action and inaction of TRANSUNION, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

42. TRANSUNION's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

43. In the alternative, Defendant TRANSUNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

44. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TRANSUNION pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT III – DISCOVER**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681s-2(b)**

45. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-30.

46. After receiving Plaintiff's dispute, DISCOVER failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

47. DISCOVER violated 15 U.S.C. §1681s-2(b) by failing to conduct an investigation with respect to the information disputed by Plaintiff, by failing to review all relevant information regarding Plaintiff's dispute, by failing to accurately report the results of the investigation to TRANSUNION, and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of DISCOVER's representations to the CRAs.

48. As a result of this conduct, action, and inaction of DISCOVER, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

49. DISCOVER's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

50. In the alternative, DISCOVER was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

51. Plaintiff is entitled to recover costs and attorneys' fees from DISCOVER pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: August 10, 2020

/s/ Adam T. Hill

Adam T. Hill
The Law Offices of Jeffrey Lohman, P.C.
28544 Old Town Front Street, Suite 201
Temecula, CA 92880
T: (657) 236-92590
F: (602) 857-8207
AdamH@jlohman.com

Attorneys for Plaintiff, JEFFREY HARDY